sel were Rebecca A. Womeldorf, and Michael R. Miner.

Melvin C. Garbow, Arnold & Porter, of Washington, DC, for amicus curiae Sacramento Minicipal Utility District. Of counsel were Howard N. Cayne, Kent A. Yalowitz, and Edward H. Sisson.

Before MAYER, Chief Judge,
NEWMAN, MICHEL, LOURIE,
CLEVENGER, RADER, SCHALL,
BRYSON, GAJARSA, LINN, and DYK,
Circuit Judges.

## ORDER

IT IS ORDERED THAT:

(1) This appeal, scheduled for oral argument on Wednesday, October 3, 2001, shall be heard in Courtroom 201 at 10:00 a.m.

(2) Counsel for each side shall have 30 minutes to argue their case.

(3) Counsel shall provide the clerk with the names of the arguing attorneys no later than September 10, 2001.

**Alfred L. VINSON, Jr., Petitioner,**

v.

**DEPARTMENT OF THE AIR
FORCE, Respondent.**

No. 01–3182.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 17, 2001.

## ORDER

The petitioner having failed to file an appendix required by Federal Circuit Rule 30(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Patricia G. ROGERS, Petitioner,**

v.

**DEPARTMENT OF DEFENSE,
Respondent.**

No. 01–3118.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 17, 2001.

Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Patricia G. Rogers petitions for review of the decision of the Merit Systems Protection Board, Docket No. DE0752000116–I–1, 87 M.S.P.R. 533, declining to vacate a

settlement agreement. We *affirm* the decision of the Board.

### BACKGROUND

Ms. Rogers was dismissed from her position as a cashier with the Defense Commissary Agency after a medical condition in her back prevented her from performing the duties of her position and the Agency was unable to find a job she could perform. She appealed to the Board, alleging that her dismissal was motivated by discrimination based upon disability.

In conference with the Board's administrative judge, Ms. Rogers entered a settlement agreement with the agency wherein she agreed to timely apply for disability retirement and the agency agreed to assist her with the application. At the request of the parties, the settlement agreement was made part of the record before the Board, and the appeal was withdrawn as settled. The Board concluded that the agreement was freely entered into, understood by the parties, and granted the motion to withdraw the appeal, retaining jurisdiction over the appeal for enforcement purposes. Ms. Rogers does not allege that the agency has failed to comply with this agreement.

Ms. Rogers then wrote to the Board, asking to withdraw from the settlement agreement so she could pursue an EEO discrimination complaint. She had filed such a complaint after she filed the appeal to the Board, but it was dismissed pursuant to 29 C.F.R. § 1614.107(a)(4), which permits either an EEO complaint or an appeal to the Board, but not both. The Board treated Ms. Rogers' communication as a request for reconsideration and, finding no legal error or newly discovered evidence, denied it. This appeal followed.

### DISCUSSION

Ms. Rogers asks only that she be released from her settlement agreement so she can proceed with an EEO complaint. She does not allege that the agreement was improperly obtained or that the agency has failed to comply with it. Nor does she deny that she was timely advised that she must chose between appeals to the MSPB and the EEOC.

The Board found that Ms. Rogers understood the settlement agreement and had entered it voluntarily. Ms. Rogers does not assert otherwise. Under these circumstances, no reason has been shown to annul the settlement.

The agency points out that such a release would not provide Ms. Rogers with the right to proceed before the EEOC, for Ms. Rogers filed her appeal to the Board before she filed her EEO complaint. We do not consider this aspect, for in this case the proceedings before the Board resolved the issue of her dismissal, concluding the matter.

No costs.